# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-832V
(Unpublished)

| | |
|---|---|
| BRENT OWENS, | Special Master Katherine E. Oler |
| Petitioner, | |
| v. | Filed: May 22, 2020 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |
| Respondent. | |

*Ronald Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.
*Claudia Gangi*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

### I. Procedural History

On July 13, 2016, Brent Owens ("Petitioner") filed a petition[2] for compensation under the National Vaccine Injury Compensation Program,[3] alleging that he suffered from Bell's Palsy as a

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] This case was initial assigned to now-retired Special Master Hastings (ECF No. 4), reassigned to Special Master Corcoran on October 10, 2017 (ECF No. 29), and then reassigned to my docket on December 5, 2017 (ECF No. 33).

[3] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

result of the flu vaccination he received on October 28, 2014. Pet. at 1, ECF No. 1. Petitioner filed a statement of completion on July 20, 2016. ECF No. 8.

On November 10, 2016, Petitioner filed an expert report from Dr. Nizar Souayah. Ex. 15, ECF No. 23. On November 16, 2017, Respondent filed a responsive expert report from Dr. Peter Donofrio. Ex. A, ECF No. 31. In this report, Dr. Donofrio states that based on medical providers' notes, onset of Petitioner's facial drooping began 24 hours after vaccination, which does not fit the typical neurologic dysfunction timeline of 7-10 days. Ex. A at 6. On October 3, 2019, I held a fact hearing to determine the onset of Petitioner's symptoms. *See* Transcript of Proceedings held on October 3, 2019, ECF No. 48. On January 31, 2020, I issued a Ruling on Onset, in which I found Petitioner's tongue numbness began on the morning of October 29, 2014 (within 24 hours of vaccination) and that his facial droop began the morning of October 30, 2014. ECF No. 62. I ordered the parties to file a joint status report on how they would like to proceed in light of my Ruling on Onset. *See* non-PDF Scheduling Order on 2/6/2020. The parties filed a status report on April 7, 2020 requesting additional time to determine how to proceed. ECF No. 64. I granted that request. *See* non-PDF Scheduling Order on 4/7/2020. On May 7, 2020, Petitioner requested an additional two weeks to file a joint status report. ECF No. 65. I granted that request as well. *See* non-PDF Scheduling Order on 5/8/2020.

On May 21, 2020, Petitioner filed the instant motion to dismiss his petition, stating he "has been unable to secure further evidence required by the Court to prove entitlement to compensation in the Vaccine Program." Pet'r's Mot. at 1, ECF No. 66.

## II.     Conclusion

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's Motion for A Decision Dismissing the Petition is **GRANTED** and the petition is hereby **DISMISSED. The Clerk shall enter judgment accordingly.**

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master
