# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 22, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| BRENT OWENS, | * | |
| | * | |
| Petitioner, | * | No. 16-832V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.
*Claudia B. Gangi*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 13, 2016, Brent Owens ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that he suffered from Bell's Palsy as a result of the flu vaccination he received on October 28, 2014. *See* Petition, ECF No. 1. A fact hearing was held on October 3, 2019, and the undersigned issued her ruling on onset on January 31, 2020. On May 21, 2020, Petitioner filed a motion to voluntarily dismiss his petition and on May 22, 2020, the undersigned issued her decision dismissing the petition for insufficient proof.

On September 15, 2020, Petitioner filed an application for final attorneys' fees and costs. ECF No. 72 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $79,494.18, representing $61,532.90 in attorneys' fees and $17,961.28 in attorneys' costs. Fees

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

App. at 2. Pursuant to General Order No. 9, Petitioner states that he has not incurred any costs related to this litigation. *Id*. Respondent responded to the motion on September 25, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2, ECF No. 74. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I. **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the matter was eventually dismissed, the undersigned finds that the petition was filed in good faith and there was a reasonable basis for the matter to proceed for as long as it did. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

a. **Reasonable Hourly Rates**

The undersigned has reviewed the rates requested by Petitioner for the work of his counsel at Conway, Homer, P.C. (the billing records indicate that the majority of attorney work was performed by Ms. Lauren Faga, with supporting work from Mr. Ronald Homer, Mr. Patrick Kelly, Ms. Christina Ciampolillo, Mr. Joseph Pepper, and Ms. Meredith Daniels). The rates requested for these are attorneys are consistent with what they have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

b. **Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are

"excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds a reduction necessary. The firm's use of two attorneys, Ms. Faga and Mr. Kelly, for the fact hearing was a questionable expense in the undersigned's experience. The fact hearing involved two witnesses (Petitioner and his wife), only lasted approximately three hours (per the transcript, the hearing went on the record at 9:20 AM and adjourned at 12:00 PM), and in the undersigned's experience, the testimony was sufficiently straightforward that the undersigned is confident that Ms. Faga, the lead attorney on the case, could have performed the work herself without the assistance of Mr. Kelly. The undersigned suspects that Mr. Kelly's presence was likely motivated, at least in part, by a desire to give Mr. Kelly (who is a relatively inexperienced attorney, having been barred in 2018) additional trial experience.

However, in evaluating whether an expense reaches the "reasonable" standard, the Federal Circuit has endorsed a special master's evaluation of whether a hypothetical client would pay for the expenses being submitted for compensation to the Vaccine Program. *See Riggins v. Sec'y of Health & Human Servs.*, 406 F. App'x 479, 484 (Fed. Cir. 2011). *See also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citing Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc) (emphasis in the original) ("In the private sector, billing judgment is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority")). In the undersigned's estimation, it would not be reasonable to bill for training by Mr. Kelly when Ms. Faga is there billing for her time and able to do the work herself.

To counsel's credit, the time spent leading up to the hearing contains little overlap between Ms. Faga and Mr. Kelly's time, indicating that counsel used their time advantageously when preparing for the hearing and that the duplicative time was largely limited to time spent traveling and attending the hearing. Upon review, a reasonable reduction for Mr. Kelly's time is $3,373.50. Petitioner is therefore awarded final attorneys' fees of $58,159.40.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $17,961.28 in attorneys' costs. Fees App. at 30-33. This amount is comprised of acquiring medical records, the Court's filing fee, travel costs associated with attending the fact hearing, and work performed by Petitioner's medical expert, Dr. Nizar Souayah. Petitioner has provided adequate documentation supporting these costs and they are largely reasonable in the undersigned's experience.

However, for the reasons mentioned above, just as time was reduced for Mr. Kelly's duplicative efforts at the fact hearing, so too must costs associated with his travel be reduced. This includes airfare/transportation, lodging, and meals and results in a total reduction of $1,351.09.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $61,532.90 |
| (Reduction to Fees) | - ($3,373.50) |
| **Total Attorneys' Fees Awarded** | **$58,159.40** |
| | |
| Attorneys' Costs Requested | $17,961.28 |
| (Reduction to Costs) | - ($1,351.09) |
| **Total Attorneys' Costs Awarded** | **$16,610.19** |
| | |
| **Total Amount Awarded** | **$74,769.59** |

**Accordingly, the undersigned awards a lump sum in the amount of $74,769.59, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Ronald Homer.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

s/ Katherine E. Oler
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).